Brett L. Slavicek (No. 019306)
James Fucetola (No. 029332)
Justin Henry (No. 027711)
**THE SLAVICEK LAW FIRM**
5500 North 24th Street
Phoenix, Arizona 85016
Telephone: (602) 285-4435
Fax: (602) 287-9184
Email: brett@slaviceklaw.com
   james@slaviceklaw.com
   justin@slaviceklaw.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Hacker,<br><br>             Plaintiff,<br><br>vs.<br><br>American Family Insurance Company, a Wisconsin corporation,<br><br>             Defendant. | Case No. CV-22-01936-PHX-DLR<br><br>**FIRST AMENDED<br>CLASS ACTION COMPLAINT** |

Plaintiff Craig Hacker for his Complaint against Defendant American Family Insurance Company ("American Family") alleges as follows:

**I.    THE PARTIES**

1.    Craig Hacker is a single man and, at all relevant times, was an insured on an insurance policy with Defendant American Family providing, among other coverages, uninsured and underinsured motorist coverage covering multiple vehicles on the same policy.

1

2. Defendant American Family is a corporation incorporated under the laws of the State of Wisconsin, and is duly licensed to administer insurance in the State of Arizona.

## II. NATURE OF THE ACTION

3. This matter concerns the unlawful denial of "Stacked Uninsured Motorist Coverage" and "Stacked Underinsured Motorist Coverage" to a class of insureds entitled to Uninsured Motorist and Underinsured Motorist coverage on policies issued by Defendant American Family in Arizona.

4. For purposes of this Complaint, "Stacked Uninsured Motorist Coverage" generally refers to the ability of insureds to obtain benefits under their Uninsured Motorist Coverage when there are multiple vehicles insured on one policy.

5. For purposes of this Complaint, "Stacked Underinsured Motorist Coverage" generally refers to the ability of insureds to obtain benefits under their Underinsured Motorist Coverage when there are multiple vehicles insured on one policy.

6. The denial of Stacked Uninsured Motorist Coverage and Stacked Underinsured Motorist Coverage is contrary to well-established Arizona law as well as the language of the American Family policy. As such, the denial of benefits is unreasonable, is not "fairly debatable," and instead places Defendant American Family' own interests ahead of the class of policyholders and insureds.

7. On February 23, 2021, Craig Hacker was a passenger in a vehicle when he was involved in a collision with non-party Jacob Mechetner in Phoenix, Arizona.

8.  As a direct and proximate result of the collision, Craig suffered severe and permanent physical, emotional and economic injuries.

9.  As a direct and proximate result of the collision, Craig incurred reasonable and necessary medical expenses in excess of $60,000.

10. Non-party Jacob Mechetner was solely at fault for causing the February 23, 2021 collision.

11. Non-party Jacob Mechetner did not have any valid bodily injury liability, personal injury umbrella liability, or any other insurance coverage which may pay for the damages suffered by Cameron Bode.

12. At the time of the collision, Craig Hacker held a policy with Defendant American Family covering (1) his 2014 Nissan Altima; (2) his 1990 Chevrolet Silverado; (3) his 1999 Chevrolet Suburban under Policy No. 41010-28323-53, effective December 2, 2020 through June 6, 2021.  Coverage during this period consisted of, among other things, Uninsured Motorist Coverage and Underinsured Motorist Coverage in the amount of $50,000 per person, subject to an aggregate limit of $100,000 per collision.  A true and correct copy of the American Family Declarations page is attached hereto as **Exhibit A**.  A true and correct copy of the American Uninsured Motorist Endorsement is attached hereto as **Exhibit B**.  A true and correct copy of the American Family Underinsured Motorist Endorsement is attached hereto as **Exhibit C**.

13. Craig Hacker is an "insured person" under the terms and conditions of the Uninsured Motorist Coverage and Underinsured Motorist Coverage of the American Family policy.

14. Non-party Jacob Mechetner's vehicle is an "uninsured motor vehicle" under the terms and conditions of the American Family policy.

15. On July 14, 2021, Craig submitted a claim to Defendant American Family seeking Uninsured Motorist benefits on all vehicles insured on the policy. The deadline to pay the available policy limits was August 13, 2021.

16. Thereafter, Defendant American Family paid the policy limits—$50,000.00—on **one of the vehicles** covered under Policy No. 41010-28323-53.

17. Defendant American Family failed and/or refused to pay the remaining policy limits properly owed to Craig on the other vehicles on the American Family policy.

18. Instead, Defendant American Family disclaimed any additional Uninsured Motorist Coverage on the policy. Upon information and belief, Defendant American Family alleged Stacked Uninsured Motorist Coverage was not available on the American Family policy relying on policy language that fails to preclude Stacked Uninsured Motorist Coverage.

19. The Limit of Liability clause provides:

**LIMIT OF LIABILITY**

E.  Limits of Liability
   1. . . . .

   2. The maximums stated in E.1. are the most **we** will

4

>    pay for any one accident regardless of the number of:
>    a. vehicles insured under this policy;
>    b. premiums paid;
>    c. **insured persons**;
>    d. claims made;
>    e. claimants; or
>    f. vehicles involved in the accident.
>
> 3. Subject to E.1. and E.2., the Uninsured Motorist – Bodily Injury limits of liability shown in the **Declarations** for a vehicle may not be added, combined, or stacked with the Underinsured Motorist – Bodily Injury limits of liability shown in the **Declarations** for any other vehicle to determine the maximum Underinsured Motorist – Bodily Injury limits of liability available for each person or for each accident no matter how the premium is displayed.

*See* Exhibit B, UM Endorsement at 002.

20. The Limit of Liability language does not preclude Stacked Uninsured Motorist Coverage. *See State Farm Mut. Auto. Ins. Co. v. Lindsey*, 182 Ariz. 329, 331 (1995); *see also Heaton v. Metropolitan Group Prop. And Cas. Ins. Co.*, 2021 WL 6805629 (D.Ariz. Oct. 19, 2021).

21. Even if the Limit of Liability language was sufficient to preclude Stacked Uninsured Motorist Coverage—it is not—the Limit of Liability language does not inform insureds of their right to select which coverage will apply in violation of A.R.S. § 20-259.01(H).

22. Defendant American Family did not advise Craig, in writing, of his right to select which coverage would apply within 30 days of receiving notice of the collision as required by A.R.S. § 20-259.01(H).

23. Accordingly, Stacked Uninsured Motorist Coverage is permitted even if the Limit of Liability language precluded stacking—which, it does not. *See* A.R.S. § 20-259.01(H); *see also Schwallie v. American Family Mut. Ins. Co.*, 2013 WL 4478697 (D.Ariz. Aug. 20, 2013).

24. The Other Insurance clause provides:

> 1. If there is uninsured motorist coverage for a loss covered by this **endorsement** under more than one policy issued to **you** by one or more members of the **American Family Insurance Group**, only one of the policies will apply. **You** will select the one policy that will apply.

*See* Exhibit B, UM Endorsement at 003.

25. The Other Insurance language does not preclude stacked Uninsured Motorist Coverage. *See State Farm Mut. Auto. Ins. Co. v. Lindsey*, 182 Ariz. 329, 331 (1995); *see also Heaton v. Metropolitan Group Prop. And Cas. Ins. Co.*, 2021 WL 6805629 (D.Ariz. Oct. 19, 2021).

26. The Other Insurance language does not preclude an insured from stacking multiple coverages on the same policy. *See State Farm Mut. Auto. Ins. Co. v. Lindsey*, 182 Ariz. 329, 331 (1995); *see also Heaton v. Metropolitan Group Prop. And Cas. Ins. Co.*, 2021 WL 6805629 (D.Ariz. Oct. 19, 2021).

27. Per the express language of the policy, the Other Insurance language only precludes insureds from stacking multiple policies, *i.e.*, inter-policy stacking.

28. Craig, however, does not have **multiple policies** issued to him by Defendant American Family.

29. The Other Insurance language does not apply to Craig's claim for Stacked Uninsured Motorist Coverage.

30. Upon information and belief, Defendant American Family failed to conduct a reasonable coverage investigation to determine whether additional coverage was available on Policy No. 41010-28323-53.

31. Upon information and belief, Defendant American Family failed to conduct a reasonable coverage investigation to determine whether Stacked Uninsured Motorist Coverage was available on Policy No. 41010-28323-53.

32. To date, Craig still has not been paid the Uninsured Motorist benefits he is entitled to receive under the terms and conditions of the American Family policy.

33. Upon information and belief, Defendant American Family routinely sells Uninsured Motorist Coverage, as well as Underinsured Motorist Coverage, and benefits on multiple vehicles insured on the same policy, but refuses to pay Stacked Uninsured Motorist and Stacked Underinsured Motorist benefits in violation of the terms and conditions of American Family policies and in violation of Arizona law.

34. Craig brings this declaratory judgment claim pursuant to the Arizona Uniform Declaratory Judgment Act (A.R.S. § 12-1831 to 12-1846) and Rule 57 of the Arizona Rules of Civil Procedure.

35. Craig is an "insured person" under the terms and conditions of the Uninsured Motorist Coverage and Underinsured Motorist Coverage of the American Family policy.

36. Craig contends he is entitled to Stacked Uninsured Motorist Coverage under the terms and conditions of the American Family policy.

37. Defendant American Family, however, contends Uninsured Motorist Coverage is limited to one vehicle on the American Family policy, and there is no additional Uninsured Motorist Coverage on the remaining vehicle on the American Family policy.

38. A dispute now exists between Craig and Defendant American Family regarding the rights and obligations of the parties under the American Family policy.

39. Due to the dispute between the parties, Craig is entitled to a declaration of rights and responsibilities regarding the terms and conditions of the American Family policy pursuant to the Arizona Declaratory Judgment Act.

40. Craig seeks a declaration from this Court that he is entitled to Stacked Uninsured Motorist Coverage on the American Family policy.

41. Defendant American Family's failure to make a good faith offer and refusal to consider payment for Craig's Uninsured Motorist claim constitutes a *de facto* denial of benefits owed on the American Family policy.

42. Defendant American Family's failure to make a good faith offer and refusal to pay the contractual Uninsured Motorist benefits owed on the policy is a breach of contract.

43. As a direct and proximate result of the breach, Craig suffered direct and consequential damages including, but not limited to, the contractual Stacked Uninsured Motorist benefits owed under the terms and conditions of the American Family policy.

44. In every contract of insurance, there is inherent in it the covenant of good faith and fair dealing, which requires an insurer to, among other things, conduct a reasonable investigation, afford and makes its insured aware of all available coverages on the policy—even if they are not demanded—and treat all insureds with equal consideration.

45. Upon information and belief, Defendant American Family failed to conduct a reasonable investigation into whether Stacked Uninsured Motorist Coverage is available on the American Family policy.

46. In doing so, Defendant American Family put its own interests ahead of its insured, Craig, and failed to give equal consideration to his claim.

47. Defendant American Family's failure to adequately investigate coverage is a breach of the covenant of good faith and fair dealing.

48. Defendant American Family's failure to treat Craig with equal consideration is a breach of the covenant of good faith and fair dealing.

49. Defendant American Family's failure to make a good faith offer is a breach of the covenant of good faith and fair dealing.

50. Defendant American Family's failure to make reasonable efforts to alleviate the necessity of litigation is a breach of the covenant of good faith and fair dealing.

51. Defendant American Family's failure to pay the contractual Stacked Uninsured Motorist benefits owed under the terms and conditions of the American Family Policy is a breach of the covenant of good faith and fair dealing.

52. Defendant American Family's refusal to stack the available Uninsured Motorist Coverage is contrary to well-established Arizona law as well as the language of the American Family policy. As such, Defendant American Family' coverage position is unreasonable, is not "fairly debatable," and instead places Defendant American Family's own interests ahead of its insured, Craig.

53. Defendant American Family's refusal to provide Stacked Uninsured Motorist Coverage is a breach of the covenant of good faith and fair dealing.

54. As a direct and proximate result of Defendant American Family's breach of the covenant of good faith and fair dealing, Craig has suffered damages.

55. Upon information and belief, Defendant American Family acted with a consistent pater to undermine the security of its own insurance policy to the detriment of its insureds, including Craig, to the extent that it constitutes a conscious disregard of the substantial likelihood that such conduct is likely to cause harm and constitutes conduct sufficient to incur a penalty of punitive damages.

56. Craig is, therefore, entitled to punitive damages in an amount sufficient to stop such conduct and deter such future conduct.

**III.    JURSIDICTION AND VENUE**

57. All acts alleged herein arose from occurrences within the State of Arizona.

58. The claims are subject to the jurisdiction of the Superior Court for the State of Arizona and they request compensation in amounts above the minimum jurisdictional limits for this Court.

59. Venue in this Court is proper.

60. This Court has personal and subject matter jurisdiction over the parties.

## IV. CLASS ALLEGATIONS

61. Craig brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure. He brings this action on his own behalf and on behalf of all class participants pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

62. Craig proposes the following classes of individuals:

**A.  Class One: Stacked Uninsured Motorist Coverage**

63. Class One shall consist of individuals:

　　A. Who are "insureds" on American Family insurance policies issued, and in force, in Arizona from October 7, 2016 through present;

　　B. Who were involved in a motor vehicle collision with an uninsured motor vehicle;

　　C. Where the insurance policy issued by Defendant American Family provided Uninsured Motorist Coverage on more than one vehicle;

　　D. Where Defendant American Family paid the policy limits of Uninsured Motorist Coverage on one vehicle on the policy, but either failed or

refused to pay any Uninsured Motorist benefits on the remaining vehicles on the policy.

**B.     Class Two: Stacked Underinsured Motorist Coverage**

64.    Class Two shall consist of individuals:

A. Who are "insureds" on American Family insurance policies issued, and in force, in Arizona from October 7, 2016 through present;

B. Who were involved in a motor vehicle collision with an underinsured motor vehicle;

C. Where the insurance policy issued by Defendant American Family provided Underinsured Motorist Coverage on more than one vehicle;

D. Where Defendant American Family paid the policy limits of Underinsured Motorist Coverage on one vehicle on the policy, but either failed or refused to pay any Underinsured Motorist benefits on the remaining vehicles on the policy.

65.    The requirements of Rules 23(a), 23(b)(2) and/or 23(b)(3) of the Arizona Rules of Civil Procedure are met as set forth below.

**C.     Numerosity**

66.    Under federal law, more than forty class members satisfies the numerosity requirement.  1 NEWBERG ON CLASS ACTIONS, §3.05 at 3-25 (3rd Ed. 1992); MOORE'S FEDERAL PRACTICE, § 23-22(3)(a) (Bender 3rd Ed. 1999); *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3rd Cir. 2001); *Perez v. First American Title Ins.*, 2009

WL 2486003 at *2 (D.Ariz. 2009) ("Generally, 40 or more members will satisfy the numerosity requirement.").

67. With regard to the standard of proof necessary to satisfy class numerosity requirements, "[i]t is not necessary that the members of the class be so clearly identified that any member can be presently ascertained. The court may draw a reasonable inference of the size of the class from the facts before it." *Sherman v. Griepentrog*, 775 F.Supp. 1383, 1389 (D.Nev. 1991) (internal citations omitted).

68. Upon information and belief, Defendant American Family routinely denies Stacked Uninsured Motorist Coverage to its insureds and the numerosity requirement is easily satisfied with respect to Class One.

69. Upon information and belief, Defendant American Family routinely denies Stacked Underinsured Motorist Coverage to its insureds and the numerosity requirement is easily satisfied with respect to Class Two.

**D.   Commonality**

70. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Parra v. Bashas, Inc.*, 536 F.3d 975, 978 (9th Cir. 2008).

71. The legal issues are not just shared, they are virtually identical. Specifically, the legal issue regarding whether Class One Members are entitled to Stacked Uninsured Motorist Coverage on American Family policies is identical. While there may be

occasional changes to the policy language for each respective Class Member, the legal issue remains the same.

72. The legal issue regarding whether Class Two Members are entitled to Stacked Underinsured Motorist Coverage on American Family policies is identical. While there may be occasional changes to the policy language for each respective Class Member, the legal issue remains the same.

73. Moreover, the policy language for the Limit of Liability clause and the Other Insurance clause are **<u>identical for Uninsured and Underinsured Motorist coverage</u>**. *Compare* Exhibit B at UM Endorsement 002-003 *with* Exhibit C at UIM Endorsement 002-003. Thus, there is no difference, from a legal standpoint, regarding whether stacking is permitted on Uninsured Motorist coverage or Underinsured Motorist coverage, *i.e.*, either stacking is permitted on both coverages, or it is not permitted on either coverage.

**E. Typicality**

74. "[U]nder the rule's permissive standards, representative claims are 'typical' is they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

75. Craig is in a factual and legal posture identical to the Class One Members. He is an insured on an insurance policy with Defendant American Family insuring multiple vehicles with Uninsured Motorist Coverage. He was paid the available policy limits on one of the vehicles, but Defendant American Family either failed or refused to pay any remaining uninsured motorist benefits on the remaining vehicles of the policy.

14

76. Craig is also in a factual and legal posture identical to the Class Two Members. He is an insured on an insurance policy with Defendant American Family insuring multiple vehicles with Underinsured Motorist Coverage. Although his collision did not implicate Underinsured Motorist coverage, his claim is typical of an underinsured motorist claim with regard to the legal issues that need to be decided. Craig was paid the available policy limits on one of the vehicles, but Defendant American Family either failed or refused to pay any remaining benefits on the remaining vehicles of the policy.

**F.  Adequacy**

77. To determine whether obvious antagonism of interests exists, Federal courts look to whether (1) a lead plaintiff is a spouse, family member, or employee of counsel; (2) if any counsel if a class member; (3) if there are unusual bonus fees for lead plaintiffs which would create a conflict with class members; (4) whether lead plaintiffs will promptly move for certification. *See Lyon v. State of Arizona*, 80 F.R.D. 665, 667-68 (D.Ariz. 1978).

78. None of the Class Attorneys are members of the Class.

79. No Lead Plaintiff is a spouse, family member or employee of the Class Attorney.

80. Lead Plaintiffs will promptly move for certification.

81. No bonus fees or incentives have been promised to the Lead Plaintiffs.

82. The Class Attorneys are also qualified, experienced and reasonably capable, having litigated successfully in this area of law, and having been counsel in prior class actions.

**G.      Rule 23(B)(2)**

83. Rule 26(b)(2) certification is appropriate if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

84. Federal law provides: "[I]n order to permit certification under this rule, the claim for monetary damages must be secondary to the primary claim for injunctive or declaratory relief." *Molski v. Gleich*, 318 F.3d 937, 647 (9th Cir. 2003). A Rule 23(b)(2) claim is not limited solely to declaratory and injunctive relief, but such relief must predominate. *See id.*

85. Defendant American Family has acted on grounds with general application to the Class One Members: it has disclaimed Stacked Uninsured Motorist Coverage when its insureds have multiple vehicles with Uninsured Motorist Coverage on the same policy.

86. Defendant American Family has acted on grounds with general application to the Class Two Members: it has disclaimed Stacked Underinsured Motorist Coverage when its insureds have multiple vehicles with Underinsured Motorist Coverage on the same policy.

87. Moreover, the declaratory relief claims predominate over the breach of contract claims, *i.e.*, there can be no relief on the breach of contract claims if the declaratory relief claims fail.

88. The proposed Classes, therefore, meets the requirements for certification under Rule 23(b)(2).

89. Accordingly, Craig requests this Court certify the declaratory judgment, breach of contract and bad faith claims as a class action pursuant to Rule 23(b)(2), FRCP.

**H.     Rule 26(B)(3)**

90. Rule 23(b)(3) certification is appropriate if "questions of law or fact common to the members of the class predominate over any questions affecting individual class members, and . . . a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

91. Common questions of law (*i.e.*, whether Stacked Uninsured Motorist Coverage and/or Stacked Underinsured Motorist Coverage are available) lie at the heart of this matter. Indeed, if Stacked Uninsured Motorist Coverage and/or Stacked Underinsured Motorist Coverage are not available, the remaining portions of the claims herein are moot.

92. With respect to superiority, Rule 26(b)(3) directs the Court to consider (1) the desirability of concentrating claims in this forum; (2) difficulties of management; (3) current claims by class members; (4) class members' interest in controlling their individual claims. *See* Fed.R.Civ.P. 23(b)(3).

93. Arizona courts are the only desirable forum as all Class Members were insured under American Family policies issued in Arizona.

94. The difficulty in managing the Class is minimal as all policies were issued to Class Members in Arizona, the facts related to the coverage dispute are remarkably uniform, and the case predominately turns on one legal issue.

95. While there may already be some pre-existing litigation involving Stacked Uninsured Motorist Coverage and/or Stacked Underinsured Motorist Coverage, those cases, upon information and belief, are few and insufficient to make a class action unproductive.

96. With respect to Class Members' individual interests in controlling the claims, "there is no additional advantage in individual members controlling the prosecution of separate actions." *See Hanlon*, *supra*, at 1023. Indeed, "[t]here would be less litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery." *See id.*

97. The proposed Classes, therefore, meets the requirements for certification under Rule 23(b)(3).

98. Accordingly, Craig requests this Court certify the declaratory judgment, breach of contract and bad faith claims as a class action pursuant to Rule 23(b)(3), FRCP.

WHEREFORE, Craig Hacker prays for Judgment against American Family Insurance Company as follows:

1. Certify this case as a class action pursuant to Rules 23(a), 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure;

2. For breach of contract;

3. For bad faith;

4. For direct and consequential damages, in an amount to be proved at trial;

5. For special damages, in an amount to be proved at trial;

6. For general damages in a fair, just and reasonable sum in excess of the jurisdictional limits of this Court;

7. For a declaration that American Family Property Casualty Insurance Company policies do not preclude stacking uninsured motorist coverage for multiples vehicles on the same policy;

8. For a declaration that American Family Property Casualty Insurance Company policies do not preclude stacking underinsured motorist coverage for multiple vehicles on the same policy;

9. For his costs incurred herein;

10. For attorney's fees and taxable costs pursuant to A.R.S. §§ 12-341 and 12-341.01;

11. For punitive damages in a fair, just and reasonable sum;

12. For pre- and post-judgment interest at the prevailing statutory rate per annum; and

13. For such other and further relief as this Court may deem just and proper.

DATED this 25th day of October, 2023.

**THE SLAVICEK LAW FIRM**

*/s/ Justin Henry*
Brett L. Slavicek
Justin Henry
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jared Sutton, Esq.
Jennifer Lee-Cota, Esq.
PAPETTI SAMUELS WEISS MCKIRGAN, LLP
Scottsdale Quarter
16430 North Scottsdale Road, Suite 290
Scottsdale, Arizona 85254
jsutton@PSWMlaw.com
jleecota@PSWMlaw.com
*Attorneys for Defendant*

*/s/ Natalie Newell*