**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Hacker, | No. CV-22-01936-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| American Family Mutual Insurance Company SI, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Unopposed Motion to File Under Seal Plaintiff's Motion for Class Certification and Supporting Documents. (Doc. 62.) For reasons explained below, the motion is denied.

## I.     Standards governing motions to seal

The public has a right to access judicial records. *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999). The Court therefore begins "with a strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), and a party seeking to overcome this presumption and file a document under seal generally must provide a compelling reason for doing so, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The Ninth Circuit has carved out an exception to this general rule "for sealed materials attached to a discovery motion unrelated to the merits of the case." *Id.* at 1097. A party seeking to seal such materials "need only satisfy the less exacting 'good

cause' standard." *Id.*

Although earlier decisions from the Ninth Circuit sometimes used the words "dispositive" and "non-dispositive" to describe the dividing line between those documents governed by the compelling reasons standard and those governed by the good cause standard, the Ninth Circuit has since clarified that "[t]he focus ... is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1099. The exception to the ordinary compelling reasons standard applies only to documents that are unrelated or merely tangentially related to the merits of a case. Sealing documents appended to a motion that is more than tangentially related to the merits of a case requires a compelling justification.

As this Court has explained on numerous prior occasions, the fact that a document is treated as confidential pursuant to a protective order is not, without more, a compelling reason or good cause for sealing that document once it is used to support a motion. Instead, once a party decides to use a document to support a filing with the Court, the party asserting confidentiality must show either good cause or compelling reasons (depending on the nature of the filing) for sealing it from public view. *See, e.g., Calyxt Inc. v. Morris Ag Air & Sons Inc.*, No. CV-20-01221-PHX-DLR, 2022 WL 17689166, at *2 (D. Ariz. Dec. 15, 2022); *Blum v. Banner Health*, No. CV-20-00409-PHX-DLR, 2021 WL 5446460, at *1 (D. Ariz. Nov. 22, 2021); *Marsteller v. MD Helicopter Inc.*, No. CV-14-01788-PHX-DLR, 2017 WL 5479927, at *2 (D. Ariz. Nov. 15, 2017). This remains so even if the parties agree that a document should be sealed. Parties cannot stipulate away the public's right to view judicial records and, instead, must articulate a factual and legal basis sufficient to overcome the presumption favoring public access.

## II.    Procedure for requesting that documents be sealed

Local Rule of Civil Procedure 5.6 details the procedures that must be followed when parties seek to file documents under seal.

Ordinarily, the Court will not seal a document absent a motion or stipulation that "set[s] forth a clear statement of the facts and legal authority justifying the filing of the

document under seal[.]" LRCiv 5.6(b). When such a motion or stipulation is filed, the submitting party must also separately lodge the relevant documents under seal. LRCiv 5.6(b)-(c) If the Court agrees that the documents should be sealed, then it will grant the motion or stipulation and direct the Clerk of the Court to *file* under seal the documents that the submitting party previously *lodged* under seal. If the Court disagrees and denies the motion or stipulation in full, then those lodged documents do not become part of the record, public or otherwise. Instead, the submitting party can choose to either not file those documents, or to file them on the public docket within 5 days of the date of the Court's order. LRCiv 5.6(e). Similarly, if the Court grants the motion or stipulation to seal in part and denies it in part, then the submitting party may resubmit the documents in a way that conforms to the Court's order (for example, by redacting only the discrete material the Court found could be sealed).

This procedure gets more complicated, however, when the party who wishes to file the documents is not the same party who believes the documents should be sealed. This situation most often arises when one party wishes to support a motion with documents designated by another party as confidential pursuant to a protective order. This scenario is governed by a different procedure, detailed in LRCiv 5.6(d), which is designed to ensure that the party moving to seal documents is the *same* party who believes the documents should be filed under seal.

Under LRCiv 5.6(d), the parties are first to confer. This conferral could yield several different outcomes. First, the designating party could withdraw all or some of its confidentiality designations, thereby paving the way for the submitting party to file those documents publicly. Second, the parties could agree that all or some of the confidential-designated documents meet the legal standard for submission under seal, in which case they can file a stipulation stating the facts and legal authority justifying the filing of the documents under seal, per LRCiv 5.6(b). Third, the parties could disagree in whole or in part over the propriety of filing the confidential-designated documents under seal. In this situation, the *submitting* party does *not* file a *motion* to seal because the submitting party

is not the party asserting confidentiality. Instead, the submitting party provisionally lodges the relevant documents under seal, along with a *notice* certifying the parties conferred in good faith but could not agree about whether the documents should be filed under seal and summarizing the disagreement. This notice then triggers a 14-day deadline by which the *designating* party must either file a notice withdrawing its confidentiality designations or a motion to seal detailing the factual and legal basis for sealing the documents. If the designating party does not file such a motion or notice, the Court may order that the provisionally sealed documents be filed on the public docket.

### III.    Plaintiff's motion

Plaintiff's motion does not strictly comport with LRCiv 5.6(d). Here's how the Court understands what the parties were trying to accomplish:

The parties met and conferred regarding Defendant's confidentiality designations, and Defendant agrees to withdraw its confidentiality designation as to Exhibit 81 of the Declaration of John M. DeStefano in Support of Plaintiff's Motion for Class Certification. The parties did *not* confer regarding aspects of Plaintiff's brief in support of class certification, or regarding the expert reports attached thereto at Exhibits 83 and 84, because Plaintiff did not want to give Defendant advance access to these documents prior to Plaintiff's filing deadline. Because of this, Plaintiff presently has no position on whether any of these documents should be sealed in whole or in part, but the parties have agreed to these documents being temporarily filed under seal, subject to Defendant identifying in its response[1] to Plaintiff's motion to seal "which portions of the brief and expert reports

---

[1] Plaintiff's motion is styled as an "unopposed" motion. The Court typically does not receive responses to unopposed motions. As the Court understands it, then, the only aspect of the motion that is "unopposed" is the parties' alternative procedure. That is, rather than following the conferral and notice procedure in LRCiv 5.6(d), the parties agreed to the temporary/provisional filing of Plaintiff's class certification motion and expert reports under seal, subject to Defendant explaining in a response brief (rather than in a motion) what materials it believes should *remain* sealed and why. In some ways, this is a generous reading of the motion, however. For example, the proposed order states only that Plaintiff's motion and expert reports will be filed under seal. (Doc. 62-1.) It does not state that these documents will be *provisionally* filed under seal subject to Defendant making the requisite showing to *keep* them under seal. Nor does it contain any language prompting the Clerk of the Court to unseal these documents if, as happened here, Defendant fails to file a response. So, viewed as a whole, it is unclear precisely what aspects of Plaintiff's motion are unopposed.

Defendant contends should be redacted from the public filing," and (though unstated in the motion) presumably explaining the factual and legal basis for sealing those discrete materials. But Defendant did not file a response identifying any portions of Plaintiff's filings it believes should be sealed, and the time to file a response has passed.

The Court appreciates that the parties were attempting to approximate LRCiv 5.6(d)'s conferral and notice procedure in a situation where Plaintiff did not believe he could adequately confer without giving Defendant a strategic advantage through early disclosure of his class certification brief and expert reports. But the Court makes two observations about this alternative procedure. First, because LRCiv 5.6(d) requires conferral, it necessarily contemplates that, in some situations, parties will need to disclose their anticipated submissions to the opposing side in advance of their filing deadline to engage in that good-faith conferral. Second, the alternative process the parties agreed to follow creates some procedural awkwardness. *Plaintiff* filed a motion to seal, and because *Plaintiff* is not the party designating the materials as confidential, Plaintiff's motion is defective from the start because it fails to articulate any factual or legal basis for sealing anything. Instead, Plaintiff puts the burden of supporting *his* motion on *Defendant*. To illustrate why this is a problem, consider LRCiv 7.2(i), which provides that the failure to respond to a motion ordinarily may be deemed a consent to the granting of the motion. Here, the Court cannot deem Defendant's failure to respond as a consent to the *granting* of the motion because Plaintiff's motion was unsupported from the outset, and the parties agreed that *Defendant* would supply the factual and legal basis for granting the motion. Thus, Defendant has *defeated* Plaintiff's motion by not responding to it, which is not the way motion practice typically works. This is one reason why, absent an agreement that materials should be sealed, LRCiv 5.6(d) requires that the party who believes the material should be sealed must also be the party who files the motion to seal.

In any event, the Court construes Plaintiff's motion to seal as the functional equivalent of the notice that otherwise would have been required by LRCiv 5.6(d). So construed, Defendant's "response" to Plaintiff's motion to seal would have been the

functional equivalent of its notice of withdrawal of confidentiality designations or motion to seal. Because Defendant failed to respond to Plaintiff's motion—meaning, Defendant failed to file either a notice withdrawing its confidentiality designations or a motion to seal any portion of the documents lodged under seal at Docket Entry 63—the Court will enter an order directing the Clerk to publicly file Plaintiff's motion for class certification and accompanying exhibits pursuant to LRCiv 5.6(d). This result is warranted because no party has shown compelling reasons[2] for sealing any portion of Plaintiff's motion for class certification or any exhibit thereto. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to seal (Doc. 62) is denied. Pursuant to LRCiv 5.6(d), the Clerk of the Court is directed to publicly file the motion for class certification and accompanying exhibits currently lodged at Doc. 63.

Dated this 23rd day of June, 2025.

Douglas L. Rayes
Senior United States District Judge

---

[2] Plaintiff's proposed order granting its motion to seal applies the good cause standard. (Doc. 62-1.) No party has explained why a motion for class certification is merely tangentially related to the merits of the case. The Court is skeptical that the lower good cause standard would apply to Plaintiff's motion for class certification. *See Cohen v. Trump*, Case No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *3 (S.D. Cal. May 27, 2016) ("A class certification motion is . . . more than tangentially related to the merits of a case.").